UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| SHENER M. GREENIDGE, | : **ECF Case** |
|  | : |
|  | : Case No. 09-CV-4224 (RRM)(ALC) |
| Plaintiff, | : |
| v. | : |
|  | : |
| COSTCOS WHOLESALE, | : |
|  | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT COSTCO WHOLESALE CORPORATION'S
# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION
# <u>FOR SUMMARY JUDGMENT</u>

Dated:  New York, New York
        May 9, 2011

*Of Counsel*:

   Lorie E. Almon
   Christopher H. Lowe
   Mary E. Ahrens

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendant*
*Costco Wholesale Corporation*

Defendant Costco Wholesale Corporation ("Costco" or "Defendant") respectfully submits this Reply Memorandum of Law in Support of its Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff's Motion for Summary Judgment Response ( "Response") offers no admissible evidence to address, much less dispute, Costco's detailed factual and legal showing that it is entitled to summary judgment as a matter of law. In its Motion for Summary Judgment ("Motion"), Costco demonstrated through substantial record evidence and supporting authority that there is no genuine issue of material fact with respect to Plaintiff's Title VII sex discrimination claim. Plaintiff's belief that she should prevail simply because she was pregnant when Costco terminated her employment is insufficient to defeat Costco's motion, particularly in light of the undisputed evidence of Costco's legitimate business reasons for terminating her employment, and the absence of any evidence of pretext.

Plaintiff did not even establish a prima facie case of discrimination. Plaintiff, who was a probationary employee, cannot show that her performance was satisfactory because it is undisputed that, inter alia, (1) Plaintiff's co-workers made numerous unsolicited complaints to management about her poor performance and unprofessional conduct during her sixteen-day employment, and (2) she refused to comply with a direct order from the Warehouse General Manager, the most senior manager at the warehouse. Even if she had established a prima facie case, Plaintiff did not meet her burden of proffering admissible evidence that Costco's legitimate, nondiscriminatory reasons for her termination were a pretext for discrimination. In any event, Costco is entitled to summary judgment under the mixed motive standard because it would have made the same decision regardless of her pregnancy.

In response to Costco's Motion, Plaintiff failed to identify specific, admissible evidence sufficient to create a genuine issue for trial on the elements of her sole cause of action for

discrimination, relying instead on her own conclusions or speculation. Plaintiff's unsworn Response is rife with irrelevant allegations and subjective beliefs, but bereft of admissible evidence. Even Plaintiff's inadmissible allegations fail to dispute that Costco terminated her employment based on co-workers' complaints about her job performance and her failure to comply with a direct order. Because Plaintiff's Response reflects a fundamental failure of proof such that Plaintiff has no legal right to have her claims heard by a jury, Costco respectfully requests that the Court grant its Motion for Summary Judgment.

## ARGUMENT

I.  **Plaintiff's Response Is Riddled With Procedural Defects**

   A. **Plaintiff's Response Fails To Dispute Costco's Statement Of Undisputed Material Facts**

Plaintiff's Response cannot defeat Costco's Motion for Summary Judgment on Plaintiff's sex discrimination claim because she fails to dispute Costco's Statement of Undisputed Material Facts ("SUMF"). Federal Rule of Civil Procedure 56(e) provides that "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Local Civil Rule 56.1 requires that each numbered paragraph in Costco's SUMF be deemed admitted unless "specifically controverted by a correspondingly numbered paragraph" and "followed by citation to evidence which would be admissible" in accordance with Rule 56(e). Local Civ. Rule 56.1(b)-(d).[1] *See Gitlow v. United*

---

[1]   In compliance with Local Rule 56.2 and together with its motion papers, Costco served Plaintiff with the Notice to Pro Se Litigant Opposing Motion for Summary Judgment, the full text of Federal Rules of Civil Procedure Rule 56 and Local Rule 56.1.

2

*States*, 319 F. Supp. 2d 478, 480 (S.D.N.Y. 2004) (pro se defendant's failure to submit a Rule 56.1 response resulted "in the [plaintiff's] statement [to be] taken as true"); *Cuello v. Lindsay*, 2011 U.S. Dist. LEXIS 31918, 9-10, fn. 3 (E.D.N.Y. Mar. 25, 2011) (same).

Here, Plaintiff fails to respond to Costco's SUMF in any manner, notwithstanding that she had nine weeks to prepare her opposition (after the Court granted her request for a four-week extension). Plaintiff's failure to comply with the federal and local rules means that Plaintiff has admitted all facts asserted in Costco's SUMF, including the fact that Plaintiff's pregnancy was not a factor in Costco's decision to terminate Plaintiff's employment. (SUMF ¶¶ 79-81.) On this basis alone, the Court should grant Costco's Motion.

### B. Plaintiff Relies Solely On Hearsay and Irrelevant Allegations.

Missing from Plaintiff's Response are any depositions, interrogatories, or affidavits to create a genuine issue of material fact under Fed. R. Civ. P. 56(c)(1). Even assuming that the Court finds that Plaintiff's Response is a declaration, "[a]n affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Second Circuit could have been speaking about this very case when it held that "[s]tatements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." Bickerstaff v. Vassar Coll., 196 F.3d 435, 452 (2d Cir. 1999). "A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Flaherty v. Filardi, No. 03 Civ. 2167 (LTS) (HBP), 2007 WL 163112, at *4 (S.D.N.Y. 2007) (citations omitted). Further, "[a] *pro se* plaintiff . . . cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his

3

favor." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999).

Plaintiff's Response is riddled with her own opinions, sweeping conclusions, matters outside her personal knowledge and outright hearsay, all of which are inadmissible. Further, her Response fails to meet her burden of proving that there are material issues of fact as to whether Costco's proffered reasons for terminating her employment are pretextual. In fact, Plaintiff disregards her own sworn deposition testimony, which supported Costco's Motion. Her sworn statements are not cited even once in Plaintiff's response.

The instances of improper opinions, conjecture, irrelevancies, and hearsay in Plaintiff's unsworn Response are too numerous to recite in full, but infect nearly every paragraph. Even assuming for the purposes of this Motion that Plaintiff's allegations are true, most of them are not material to Costco's Motion. Plaintiff's references to Costco's alleged deficiencies in its production of documents (Pl.'s Response at 1), documents that were not timely served (id. at 2), the alleged demotions of James Holmes and Terence Berry (id. at 1), her issues with her deposition and the questions asked by Costco (id. at 2), and her alleged job performance at her current employer (id. at 3) have no bearing whatsoever on the relevant issue, *i.e.* whether Plaintiff can show that a genuine issue of material fact exists such that Costco's motion should be denied.[2]

The few inadmissible allegations in Plaintiff's Response that arguably relate to Costco's Motion include:

- "Costco's [sic] has still failed to prove beyond a reason of a doubt [sic] that I was fired

---

[2] Although not relevant to the instant motion, we note that Plaintiff did not serve a request for production or otherwise seeks documents from Costco. Despite this, Costco voluntarily and on its own accord produced relevant documents to Plaintiff.

4

due to me not [sic] being pregnant."³  (Id. at 1.)

- "It's obvious that Costco's [sic] is hiding something because they knew that they were wrong for violating the LAW.  (Id. at 1 (emphasis in original).)

- "So all these allegations [sic] by Costco's [sic] is definitely false.  They still have not proven anything."  (Id. at 2.)

- "We are here to determine why I was fired due to me being pregnant nothing else."  (Id.)

- "Regardless if I'm on probation or not Costco's [sic] must understand that you cannot be fired because of pregnancy."  (Id.)

These are textbook examples of the flawed logic of *post hoc ergo propter hoc*.  They say nothing and everything at the same time.  They say nothing because they contain no ***facts***, only speculation and opinions.  And they say everything because these statements are the full extent of the "evidence" Plaintiff has to purportedly tie her pregnancy to her employment termination.  All of this supposed "evidence," and more, is improper and should be disregarded.

## II.   Plaintiff's Response Fails To Raise A Genuine Issue of Material Fact

None of Plaintiff's purported evidence creates a disputed issue of material fact.

### A.   Plaintiff Cannot Establish a <u>Prima</u> <u>Facie</u> Case

Plaintiff cannot establish a <u>prima</u> <u>facie</u> case for discrimination under the governing <u>McDonnell Douglas</u> standard because Plaintiff cannot prove that her performance was satisfactory.  Plaintiff does not – and cannot – dispute the two key facts in this case.  First, during

---

³   Plaintiff bears the burden of proving her claim.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (U.S. 1981) (plaintiff bears ultimate burden of persuasion in Title VII claims); *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004) ("[The plaintiff] bears the ultimate burden of persuasion, and must adduce enough evidence of discrimination so that a rational fact finder can conclude that the adverse job action was more probably than not caused by discrimination").

her sixteen-day employment with Costco, three of her co-workers from two different departments made multiple, unsolicited complaints to management about Plaintiff's poor performance and disruptive and unprofessional conduct.  They reported that Plaintiff was rude to both Costco members and employees, exhibited disinterest in her training, failed to complete the tasks assigned to her, and skipped around the sales floor and jumped in front of members waiting for food samples.  (SUMF ¶¶ 46-52, 63-67, 72-75.)  Second, Jeffrey Fernandes ("Mr. Fernandes"), Costco's Brooklyn Warehouse General Manager, directed Plaintiff to write a statement regarding her version of one of the reported incidents.  Plaintiff refused to prepare the statement, and admitted in her deposition that she never prepared it.  (SUMF ¶¶ 56-62.)

Even if Plaintiff disputes certain events giving rise to her co-workers' reports, she does not – and cannot – dispute that her co-workers made the reports to management or that Costco reasonably relied on them in making the decision to terminate her employment.   Although Plaintiff attempts to claim that such reports are hearsay, Costco is entitled to rely on information that it received from employees regarding another employee's performance.  See, e.g., Argueta v. N. Shore Long Island Jewish Health Sys., Inc., No. 01 CV 4031 (JG), 2003 WL 22670915, at *5 (E.D.N.Y. Nov. 6, 2003) ("[f]or the purposes of deciding whether [the plaintiff] was terminated based on her [protected class], the relevant question is not *what* happened, but rather, what the *decisionmakers believed* happened").  Further, Costco submitted admissible evidence that it did in fact reasonably rely on the reports from its employees regarding Plaintiff in making the decision to terminate her employment.  (SUMF ¶¶ 76-79.)

      **B.**    **Plaintiff Cannot Dispute Costco's Legitimate Reasons for Terminating Her Employment or That They Were Pretext for Discrimination**

Even if Plaintiff could establish that her performance was satisfactory, she cannot establish pretext.  Costco has proffered legitimate, non-discriminatory reasons for terminating

6

Plaintiff's employment, which she does not dispute. (Def.'s Mot. at 6-11.) Specifically, Costco terminated Plaintiff's employment because (1) three of Plaintiff's co-workers from two different departments made multiple, unsolicited complaints to management about Plaintiff's poor performance and disruptive and unprofessional conduct (*id.* at 9-11; SUMF ¶¶ 46-52, 63-67, 72-75, 79-81), and (2) Plaintiff failed to comply with a direct order from her Warehouse General Manager (Def.'s Mot. at 6-8; SUMF ¶¶ 56-62). In fact, Plaintiff admitted at her deposition that she knew Mr. Fernandes expected her to prepare the statement and that she did not. (SUMF ¶¶ 60-61.)

In her Response, Plaintiff has not submitted any admissible evidence showing that Costco's proffered reason is a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). She does not refute that her co-workers complained about her or that she disregarded a director order from senior management. She ignores the arguments Costco made in its opening memorandum that Plaintiff's allegations are insufficient as a matter of law to establish her claim <u>even if accepted as true</u>. In addition, she fails to provide any allegations that even arguably could show any connection between her pregnancy and her employment termination. Instead, as in her deposition (Def.'s Mot. at 13; SUMF ¶ 121), Plaintiff continues to argue that she has proven her case simply because she gave birth. (Pl.'s Response at 2.) This argument is insufficient to defeat summary judgment. See, e.g., Lambert v. McCann Erickson, 543 F. Supp. 2d 265, 282-83 (S.D.N.Y. 2008) (mere fact of pregnancy does not create issue of fact to preclude summary judgment where employee failed to establish that poor performance was pretext for pregnancy discrimination).

Stripped of hyperbole, Plaintiff's Response makes clear that the alleged discrimination is at most an agglomeration of petty perceived slights. These alleged events are inconsequential

7

and dissociated from each other (if they even occurred) and have no bearing on her claim. No rational jury could conclude that Plaintiff was discharged because of her pregnancy.

First, Plaintiff claims that she never saw the write-ups and that all of the write-ups are dated the same day. She also asks why Costco "kept giving me chance after chance when my work performance was so bad. (There is no chance after chance when you disrespect customers and are insubordinate in the handbook) another [sic] lie by them."[4] (Pl.'s Response at 2, ¶ 3.) Plaintiff's complaint that she was given "chance after chance" is hard to comprehend, as she was employed by Costco for only sixteen days. Nevertheless, a claim that Plaintiff had opportunities to improve hardly strengthens her claim that Costco acted with a discriminatory motive.

In addition, although there were complaints about Plaintiff's performance during her first week of employment, it was not until the second week that Claribel Felix, an employee in another department, reported to Mr. Holmes that Plaintiff was saying "obnoxious things" to her and "being rude to the members," which was the straw that broke the proverbial camel's back. Among other things, Ms. Felix reported that Plaintiff told a member (1) "I don't know, I ain't the president of Costco" when the member asked when the escalators would be fixed; (2) "Stay to your right, what you don't know your left from your right"; and (3) "Ya [sic] ever been to the Costco in Lawrence, it's cleaner and you wouldn't have to deal with this because they only have one floor, so you should go there, that's were I shop, it's better." (SUMF ¶¶ 72-74.) On top of that, during that same week, Plaintiff failed to prepare the written explanation previously

---

[4] Plaintiff has not submitted any admissible evidence of Costco's policies to support her conjecture on "chance after chance" policies or lack thereof. Costco, on the other hand, has submitted its standards of conduct and discipline, which show that Costco "reserve[s] the right to terminate employment <u>at any time</u> during the 90-day Probationary period" and that "[e]mployment may also be terminated for <u>repeated</u> violations of policies." (SUMF ¶ 34.) (emphasis added).

8

requested by Mr. Fernandes. (SUMF ¶ 61.) Therefore, after only sixteen days, Mr. Fernandes terminated Plaintiff's Probationary employment. (SUMF ¶ 83.) Plaintiff cannot identify a single non-pregnant Probationary employee who had a similar record of complaints (especially in as short a time period) and was treated differently.

Second, Plaintiff complains that James Holmes, her supervisor, failed to provide her with keys and a radio. Notably, Plaintiff does not even allege that Mr. Holmes withheld these items due to her pregnancy. During her deposition, moreover, Plaintiff admitted that she did not think Mr. Holmes failed to give her the radio or keys because she was pregnant. (SUMF ¶ 122.)[5] In addition, Costco has submitted undisputed admissible evidence that Probationary employees, like Plaintiff, are not given keys or a radio until their Probationary periods end, at the earliest. (SUMF ¶ 112.) Plaintiff has submitted no evidence that Mr. Holmes provided keys or radios to other non-pregnant, similarly situated employees. She also fails to articulate how her lack of access to a radio and keys caused her to mistreat members and co-workers and contributed to her failure to follow Mr. Fernandes' directive – the legitimate business reasons for her termination.

None of Plaintiff's speculation addresses Costco's legitimate, non-discriminatory reasons for terminating her employment or establishes that Costco's reasons were pretextual. Plaintiff's legally and factually unsupported arguments simply provide no basis for denying Costco's Motion.

### C.  Costco's Motion Should Be Granted Under the Mixed Motive Standard

In any event, given the undisputed facts of Plaintiff's insubordination in failing to comply

---

[5] SUMF ¶ 122 states: Plaintiff admits that she does not know why Costco or its managers made the decisions they made: "Costco is preventing me from doing my . . . job by not providing me with the essential materials to do my job . . . **Did that have anything to do with me being pregnant? I don't think so** . . . I don't think so. I'm just getting it. I couldn't tell you. I don't know why they did half the stuff they did." (Pl. Dep. 163:22-164:10.)" (emphasis added).

with a direct order, and Costco's reasonable, good faith belief in her co-worker's complaints regarding her poor performance and misconduct, Costco is still entitled to summary judgment under the mixed-motive theory because it would have made the same decision to terminate Plaintiff's employment regardless of her pregnancy.  These are business decisions that Costco is uniquely privileged to make, which are not subject to second-guessing.  See, e.g., Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997) ("This Court does not sit as a super-personnel department that reexamines an entity's business decisions.").  In any case, Plaintiff cannot and does not offer any evidence to the contrary.  It is undisputed that Plaintiff failed to comply with a direct order and that Costco reasonably believed her co-workers' reports that she failed to conduct herself in even a civil manner towards her co-workers and the members.  (SUMF ¶¶ 47, 64, 73, 74, 76-79.)  That, not Plaintiff's pregnancy, caused Costco to terminate her employment.

## CONCLUSION

For the foregoing reasons, and for the reasons articulated in Costco's Motion for Summary Judgment, Costco respectfully requests that this Court grant Costco's motion and dismiss the Complaint in its entirety with prejudice.

Dated:   New York, New York
         May 9, 2011

                                        Respectfully submitted,

                                        SEYFARTH SHAW LLP

                                        By:   s/ Christopher H. Lowe
                                              Lorie E. Almon
                                              Christopher H. Lowe
                                              Mary E. Ahrens
                                        620 Eighth Avenue, 32nd Floor
                                        New York, NY 10018-1405
                                        (212) 218-5500

                                        Attorneys for Defendant
                                        Costco Wholesale Corporation

10

13148810v.4

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 9, 2011, a true and correct copy of the foregoing **Defendant Costco Wholesale Corporation's Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment** was served on *pro se* plaintiff Shener M. Greenidge, by:

1. By prepaid First Class United States Postal Service delivery;

2. By prepaid USPS Certified Mail, Return Receipt Requested Item Number 7008 3230 0001 9433 5170.

3. All of the above mailings addressed as follows:

>Shener M. Greenidge
>13461 Ganesta Court
>Victorville, CA 92392-5809

>s/ Mary E. Ahrens
>Mary E. Ahrens